UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| APRIL D. HURD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:12CV228 JCH |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant(s). | ) ) |

## **MEMORANDUM AND ORDER**

This matter arises on the Report and Recommendation of United States Magistrate Judge Nannette A. Baker, filed March 6, 2013. See 28 U.S.C. §636. In her report, Magistrate Judge Baker noted that under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. Magistrate Baker continued to review the decision of the administrative law judge (ALJ), to determine whether the decision was supported by "substantial evidence" in the record as a whole. Magistrate Judge Baker found substantial evidence supported the ALJ's findings on steps one through three. With respect to steps four and five, however, regarding whether Plaintiff was able to perform her past relevant work or alternatively make an adjustment to other work, Magistrate Judge Baker concluded the ALJ had failed to engage in the analysis necessary to make proper determinations. She therefore recommended that the Court reverse and remand this action to the Commissioner, for a reevaluation and clarification regarding Plaintiff's ability to perform past relevant work and ability to adjust to other work. Defendant filed objections to the Report and Recommendation on March 12, 2013.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin therefore is automatically substituted for former Commissioner Michael J. Astrue as Defendant in this cause of action.

## LEGAL STANDARD

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The district court has wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

As indicated, in her Report and Recommendation Magistrate Judge Baker concluded the ALJ had failed to make proper determinations regarding whether Plaintiff was able to perform her past relevant work or make an adjustment to other work. The Court notes that before making his determination on these issues, the ALJ presented to a vocational expert a hypothetical question that fully encompassed Plaintiff's residual functional capacity, and all the mental limitations he found credible and supported by the record as a whole. (Tr., PP. 37-38).[2] The vocational expert responded that such an individual would be able both to perform Plaintiff's past work, and to perform a number of other jobs in the state and nationwide. (Id., PP. 38-39). The ALJ adopted these findings in his ruling, and further noted that the vocational expert's testimony was in conflict with neither the provision of the Dictionary of Occupational Titles, nor its companion publication, the Selected Characteristics of Occupations. (Tr., PP. 17-18, 39).

In *Groeper v. Sullivan*, the Eighth Circuit held that ALJs must "fully investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work," and then

---

[2] Contrary to the Magistrate Judge's observation, the hypothetical did account for the RFC limitations regarding no strict production quotas and limited contact with supervisors or co-workers. (Tr., P. 38).

"compare the claimant's residual functional capacity with the actual demands of the past work to determine whether the claimant is capable of performing the relevant tasks." *Groeper v. Sullivan*, 932 F.2d 1234, 1238-39 (8th Cir. 1991) (internal quotation marks and citations omitted). The Magistrate Judge relied on *Groeper* to support her conclusion that the ALJ had failed to make proper determinations regarding whether Plaintiff was able to perform her past relevant work or make an adjustment to other work. Plaintiff's case is distinguishable from *Groeper*, however, as here "a vocational expert (VE) testified regarding the skill and exertional requirements of Plaintiff's past work and, based on the ALJ's hypothetical, testified Plaintiff could perform [her] past work." *Brown v. Astrue*, 2012 WL 37403, at *2 (W.D. Mo. Jan. 6, 2012). *See also Nishke v. Astrue*, 878 F.Supp.2d 958, 988 (E.D. Mo. 2012) (holding the ALJ may rely on vocational expert testimony to fulfill his duty). This constitutes substantial evidence that Plaintiff can perform past work, and so the Commissioner's decision must be affirmed. *See Carroll v. Astrue*, 2013 WL 328779, at *10 (E.D. Mo. Jan. 29, 2013) (citing *Ramirez v. Astrue*, 2008 WL 880167, at *3 (W.D. Mo. Mar. 28, 2008) (rejecting plaintiff's argument that the ALJ erred in failing to make specific findings regarding the physical and mental demands of plaintiff's past relevant work, when the ALJ relied upon a vocational expert)).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge (ECF No. 31) is **ADOPTED** in part.

**IT IS FURTHER ORDERED** that Defendant's objections to the Magistrate Judge's Report and Recommendation are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED** with prejudice. A separate Judgment will accompany this Order.


Dated this 19th day of March, 2013.

                                            /s/ Jean C. Hamilton
                                            UNITED STATES DISTRICT JUDGE